UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, D.C. 20036<br><br>and<br><br>BRIAN J. KAREM<br>22 West Jefferson Street<br>Suite 309<br>Rockville, Maryland 20855<br><br>  Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon<br>Washington, D.C. 20301-1000<br><br>  Defendant. | Civil Action No: 22-153 |

* * * * * * * * * * * *

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for expedited processing of agency records located within this jurisdiction and sought by the Plaintiffs The James Madison Project and Brian J. Karem from the Defendant Department of Defense (as well as its subordinate entity National Security Agency ("NSA")).

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiff Brian J. Karem ("Karem") is an award-winning investigative reporter and is an acknowledged representative of the news media. Karem is a resident of the State of Maryland.

5. Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records, which are located in this jurisdiction, that were requested by the Plaintiffs in this action. DoD controls – and consequently serves as the proper party Defendant for litigation purposes for – the NSA, which is located in the State of Maryland.

**FACTS**

6. This FOIA lawsuit seeks expedited processing, and eventual production, of requested non-exempt U.S. Government records. Specifically, this lawsuit seeks to bring to the public's attention needed transparency surrounding the Defendant's knowledge of Unidentified Health Incidents involving U.S. Government officials, and particularly intelligence information it revealed to former U.S. Government employee Michael Beck ("Beck").

*Foreign Government Attack Upon Then NSA Employee Michael Beck*

7. Beck became a U.S. Government civilian employee in 1984 when he joined the U.S. Secret Service as a uniformed officer. He joined NSA in 1987 and worked there for twenty-nine years until he was forced to retire in December 2016 due to his injuries.

8. In or around 1996, Beck and an NSA colleague Chuck Gubete ("Gubete") traveled to a hostile foreign country – still unidentified due to alleged classification concerns – as part of their official work assignment. While there they experienced unusual circumstances that evidences retaliatory actions against them by the hostile foreign adversary.

9. In 2006, Beck was diagnosed with a rare form of young-onset Parkinson's Disease. Upon information and belief, both he and Gubete, who was also diagnosed with the same rare form of Parkinson and later died of complications associated with the Disease in 2013, were exposed to some form of energy, possibly microwave in nature, that caused the Parkinson Disease to develop.

10. In late 2014, NSA provided Beck and his undersigned legal counsel a carefully worded unclassified (U/FOUO) memorandum dated October 14, 2014, acknowledging its awareness of:

> intelligence information from 2012 associating the hostile country to which Mr. Beck traveled to in the late 1990s with a high-powered microwave system weapon that may of the ability to weaken, intimidate, or kill an enemy over time and without leaving evidence.

The memorandum (hereinafter referred to as the "Beck Memo") further stated that the 2012 intelligence information indicated that "this weapon is designed to bathe a target's living quarters in microwaves, causing numerous physical effects, including a damaged nervous system." NSA, however, stated it did not have evidence that the hostile foreign

3

power had specifically used this weapon on Beck during his overseas assignment in the 1990s. NSA declined to provide any further details beyond the Beck Memo.

*Recent Revelations About Unidentified Health Incidents*

11. In recent years, more than two hundred U.S. Government officials who were based in multiple countries, including domestically within the Washington, D.C. metropolitan area, have reported Unidentified Health Incidents similar to that suffered by Beck. See e.g., New York Times, Biden Signs Legislation to Compensate Victims of Mysterious 'Havana Syndrome', October 8, 2021, *https://www.nytimes.com/2021/10/08/ us/politics/havana-syndrome-biden-law.html* (last accessed January 19, 2022); BBC News, "'Havana syndrome ' and the mystery of the microwaves," BBC News, September 9, 2021, *https://www.bbc.com/news/world-58396698* (last accessed January 19, 2022)*;* Arstechnica, "US Intelligence thinks Russia may have microwaved US embassies in Cuba, China," September 11, 2018, *https://arstechnica.com/tech-policy/2018/09/us-intelligence-thinks-russia-may-have-microwaved-us-embassies-in-cuba-china/* (last accessed January 19, 2022); New York Times, "Microwave Weapons Are Prime Suspect in Ills of U.S. Embassy Workers," September 1, 2018, *https://www.nytimes.com/2018/09/01/science/sonic-attack-cuba-microwave.html* (last accessed January 19, 2022).

12. Beck's story and the Memorandum has been specifically documented by several media outlets. See e.g., The Guardian, "Havana Syndrome: NSA Officer's Case Hints at Microwave Attacks Since 90s," May 2, 2021, *https://www.theguardian.com/world/ 2021/may/02/ havana-syndrome-nsa-officer-microwave-attacks-since-90s* (last accessed January 19, 2022); CBS News/60 Minutes, "Brain Trauma Suffered by U.S. Diplomats

Abroad Could be Work of Hostile Foreign Government," March 17, 2019, *https://www.cbsnews.com/ news/brain-trauma-suffered-by-u-s-diplomats-abroad-could-be-work-of-hostile-foreign-government-60-minutes/* (last accessed January 19, 2022); Washington Post, "Was a Spy's Parkinsons Disease Caused by a Secret Microwave Weapon Attack," November 26, 2017, *https://www.washingtonpost.com/local/was-a-spys-parkinsons-disease-caused-by-a-secret-microwave-weapon-attack/2017/11/26/d5d530e0-c3f5-11e7-afe9-4f60b5a6 c4a0_story.html* (last accessed January 19, 2022); NBC News, "Legal, financial fights mount as "Havana Syndrome' goes unsolved", December 22, 2021, *https://www.nbc news.com/politics/national-security/legal-financial-fights-mount-havana-syndrome-goes-unsolved-n1286399* (last accessed January 19, 2022). NSA has declined to comment on this reporting.

13. To date, the full scope of information regarding the Beck Memo's factual foundations remains hidden from public view. In light of the extensive evidence continuing to emerge regarding Unidentified Health Incidents involving other U.S. Government officials, there is a serious and legitimate need for transparency surrounding one of the earliest documented cases of these attacks, namely Beck.

**FIRST CAUSE OF ACTION (EXPEDITED PROCESSING)**

14. The plaintiffs, JMP and Karem (hereinafter referred to jointly as the "Plaintiffs"), repeat and reallege the allegations contained in paragraphs 6 through 13 above, inclusive.

15. By letter dated December 27, 2021, the Plaintiffs submitted a FOIA request to NSA that sought copies of all records in the possession or control of the NSA, including cross-references, regarding the issuance of the Beck Memo. Specifically, the Plaintiffs

5

sought the intelligence information cited to in the Beck Memo and upon which NSA relied. The FOIA request noted the Plaintiffs were asking for expedited processing and pursuant to statute and the Defendant's regulations provided sufficient information to justify their request.

16. By letter dated January 6, 2022, NSA informed the Plaintiffs their request for expedited processing had been denied. The request was designated as FOIA Case Number 113420.

17. The Plaintiffs have exhausted all required administrative remedies to seek expedited processing.

WHEREFORE, Plaintiffs The James Madison Project and Brian J. Karem request that the Court award them the following relief:

(1) Order the Defendant to grant the Plaintiffs expedited processing for their request;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   January 20, 2022

                                                Respectfully submitted,

                                                /s/ Bradley P. Moss

                                                Bradley P. Moss, Esq.
                                                MD Bar #17379
                                                Mark S. Zaid, P.C.
                                                1250 Connecticut Avenue, N.W.
                                                Suite 700
                                                Washington, D.C. 20036
                                                (202) 454-2809
                                                (202) 330-5610 fax
                                                Brad@MarkZaid.com
                                                Mark@MarkZaid.com

                                                Attorneys for Plaintiffs