IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE JAMES MADISON PROJECT,<br>1250 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, DC 20036<br><br>and<br><br>BRIAN J. KAREM,<br>22 West Jefferson Street<br>Suite 309<br>Rockville, Maryland 20855<br>          Plaintiffs,<br>v.<br><br>U.S. DEPARTMENT OF<br>DEFENSE,<br>1000 Defense Pentagon<br>Washington, DC 20301-1000<br>          Defendant. | Civil No.  8:22-cv-153-PWG |

## ANSWER

Defendant, the United States Department of Defense (DOD or Defendant) answers the Complaint (Dkt. No. 10) filed by Plaintiffs, the James Madison Project and Brian J. Karem, on February 17, 2022, as follows:

    1.    This paragraph consists of legal conclusions to which no response is required.

    2.    This paragraph consists of legal conclusions to which no response is required.

    3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    4.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Admit that DOD is a department of the executive branch within the meaning of FOIA and that the National Security Agency (NSA) is located in the State of Maryland. The remainder of the paragraph consists of legal conclusions to which no response is required.

6. This paragraph consists of Plaintiffs' characterization of this lawsuit to which no response is required.

7. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required.

8. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required.

9. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required.

10. Admit that NSA provided Michael Beck with an unclassified memorandum dated October 14, 2014. Defendant respectfully refers the Court to that memorandum for a full and accurate statement of its contents. Deny that NSA declined to provide any further details beyond the Beck Memo.

11. Admit that NSA is aware that a number of federal employees have reported Anomalous Health Incidents. Defendant lacks knowledge or information sufficient to form a belief about the other characterizations of such reports in this paragraph. Defendant respectfully refers the Court to the referenced news articles for a full and accurate statement of their contents.

12. Admit that NSA is aware of reporting on Beck's allegations. Deny that NSA has declined to comment on any of this reporting. Defendant respectfully refers the Court to the referenced news articles for a full and accurate statement of their contents.

13. Defendant admits that current and properly classified information has not been publicly released. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14. Defendant incorporates by reference its responses to the preceding paragraphs.

15. Admit that Plaintiffs submitted a FOIA request to NSA dated December 27, 2021. Defendant respectfully refers the Court to that FOIA request for a full and accurate statement of its contents. The allegation that the FOIA request's request for expedited processing provided sufficient information to justify the request is a legal conclusion to which no response is required.

16. Admit.

17. This paragraph consists of legal conclusions to which no response is required.

18. Defendant incorporates by reference its responses to the preceding paragraphs.

19. Admit that Plaintiffs submitted a FOIA request to NSA dated December 27, 2021. Defendants respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. The allegation that the FOIA request's request for expedited processing provided sufficient information to justify the request is a legal conclusion to which no response is required.

20. Admit.

21. Admit that Defendant has not provided a final response to Plaintiffs' FOIA request. Aver that Defendant responded to Plaintiffs' request for expedited processing on January 6, 2022.

22. This paragraph consists of legal conclusions to which no response is required.

The remainder of the Complaint sets forth Plaintiffs' requested relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief or to any relief.

Defendant denies all allegations in the Complaint not expressly admitted or denied.

**DEFENSE**

1.      Plaintiffs are not entitled to compel the production of any records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

Dated: March 9, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director

*/s/ Lisa Newman*
Lisa Newman (TX Bar No. 24107878)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-5578
lisa.n.newman@usdoj.gov

*Counsel for Defendant*